IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | CRIMINAL NO. 05-426 (DRD) |
| v. | |
| MIGUEL ANGEL RIVERA LOPEZ, | |
| Defendant. | |

**ORDER APPROVING AND ADOPTING
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Pending before the Court is defendant Miguel Angel Rivera López' ("Rivera-López") *Motion To Suppress Evidence ("Motion")* (Docket No. 29), and the Government's *Opposition To Defendant's Motion For Suppression Of Evidence* (Docket No. 51).[1] This matter was referred to the

---

[1] The record shows that the other co-defendants, Angel Colón-Santiago ("Colón-Santiago"); Miguel Angel García-Ríos ("García-Ríos"), and José Cedeño-Rodríguez ("Cedeño-Rodríguez") filed separate motions joining the motion to suppress evidence filed by Rivera-López (Docket entries No. 31, 32 and 45). All the pending motions to suppress evidence were referred to the Magistrate Judge Vélez-Rivé for a hearing and report and recommendation (Docket entries No. 36 and 73). Although the Magistrate Judge issued a Report and Recommendation wherein all the issues regarding the suppression of all the defendants were addressed, the Court now addresses the Rivera-López' motion. A separate order will be entered for defendants, Colón-Santiago, and García-Ríos, if necessary, as defendants Colón-Santiago and García-Ríos are in the process of plea negotiations and the speedy trial is currently tolled. *See* Docket No. 89. 18 U.S.C. § 3161(h)(3)(B)(8)(A) provides that:

> Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.

The Court further notes that the indictment was dismissed as to former defendant Cedeño-Rodríguez (Docket entries No. 80, 81, 82).

Magistrate Judge Vélez-Rivé and a Report and Recommendation was issued on August 7, 2006 (Docket No. 79). The Magistrate Judge recommended that Rivera-López' *Motion* be denied. The Magistrate Judge appropriately forewarned Rivera-López, under Rule 72(d) of the Federal Rule of Civil Procedure ("Fed.R.Civ.P."), that any written objections to the Report and Recommendation must be filed with the Clerk of Court within the next ten (10) days upon receipt of the Report and Recommendation. Furthermore, Rivera-López was advised that failure to comply with Fed.R.Civ.P. 72(d) precluded any further appellate review. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985).

The record shows that Rivera-López did not oppose the Report and Recommendation. Hence, the Court needs only satisfy itself that there is no plain error on the face of the record in order to accept an unopposed Report and Recommendation. *See Douglass v United Servs. Auto, Ass'n*, 79 F.3d 1415 (5th Cir. 1996); *Nogueras-Cartagena v. United States*, 172 F. Supp. 2d 296, 305 (D.P.R. 2001); *Garcia v. I.N.S.*, 733 F. Supp. 1554 (M.D.Pa. 1990).

The Court has reviewed the Magistrate Judge's report and recommendation and finds no plain error, as Rivera-López' challenge of probable cause is contrary to the applicable law and precedent. The record shows that Rivera-López was arrested on December 6, 2005, and a warrantless search immediately followed the arrest. It appears that the search of the vehicle where Rivera-López was traveling as a passenger, was conducted in the presence of Rivera-López. Notwithstanding, Rivera-López challenges the validity of the arrest, and moves the Court to suppress the evidence obtained from the search, as it was illegally obtained from a warrantless search. The Court disagrees.

*Warrantless Search Incidental to the Arrest*

Rivera-López alleges, in very general terms, that the arrest and the warrantless search incidental to the arrest, are not supported by the statement of the arresting officer. Rivera-López further argues the due to the lack of credibility of the arresting officer, the arrest was unreasonable under the Fourth Amendment, as the arresting officer lacked probable cause to make the arrest. The Magistrate Judge found that the arresting officer did not have to submit a sworn statement prior to the arrest, as the case was brought directly to the United States Attorney's Office instead of the local authorities. *See* Docket No. 79 at page 12. Moreover, the Magistrate Judge also found that Rivera-López does not have standing to challenge the legality of the search, as he was not the owner of the searched vehicle nor was he in possession of the vehicle at the time of the search. *See* Docket No. 79 at page 17. The Court notes that when the Government brought this issue, the same was not contested by Rivera-López. Furthermore, the record shows that Rivera-López did not oppose the findings made by the Magistrate Judge on this matter.

The Magistrate Judge concluded that the arrest of Rivera-López was based on "trustworthy information" that Rivera-López committed or was committing an offense at the time of the arrest. *See* Docket No. 79 at page 34. Hence, the Magistrate Judge, after having assessed the evidence presented at the evidentiary hearing, concluded that the Government had met its burden of proof by showing that there was probable cause to arrest through the testimony of the arresting officer. The evidence shows that the arresting officer saw Rivera-López in possession of controlled substances, thus, there was probable cause to arrest. Consequently, the warrantless search incidental to the arrest was warranted. *See United States v. Willard John Allen*, 469 F.3d 11 (1st Cir. (P.R.). The Court agrees with the Magistrate Judge's findings and conclusions, as the law and precedent are clear.

Furthermore, the Court is bound by the Magistrate Judge's findings unless they are clearly erroneous. *See* Docket No. 79 at page 34. The findings and conclusions of the Magistrate Judge are not clearly erroneous.

For the reasons set forth above, the Court finds no plain error in the findings made by the Magistrate Judge. Hence, the Court hereby **ADOPTS** the Report and Recommendation of the Magistrate Judge dated August 7, 2006 (Docket No. 79).

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 12th day of January, 2007.

s/Daniel R. Domínguez<br>
DANIEL R. DOMINGUEZ<br>
U.S. DISTRICT JUDGE